**IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISRTICT OF OHIO:
EASTERN DIVISION**

| | |
|---|---|
| **REBECCA GENTILE, On Behalf of Herself and Others Similarly Situated**<br><br>        **Plaintiffs,**<br><br>   -against-<br><br>**MERCK & CO., INC.;<br>MERCK SHARP & DOHME CORP.**<br><br>        **Defendants** | Case No. 2:19-cv-4174<br><br>Judge:_____<br><br>Magistrate:_____<br><br>**CLASS ACTION COMPLAINT<br>WITH JURY DEMAND** |

**COMPLAINT FOR DAMAGES WITH CLASS ACTION RELIEF**

Plaintiff, Rebecca Gentile by and through the undersigned counsel, individually and on behalf of all others similarly situated, and based upon knowledge, information and belief, formed after inquiry reasonable under the circumstances, allege and state as their Complaint against Defendants MERCK & CO., INC., MERCK SHARP & DOHME CORP., as follows:

**I. INTRODUCTION**

1. Plaintiff, Rebecca Gentile, brings this action on behalf of herself and all other similarly situated individuals, for injuries and damages suffered as a result of certain unfair and deceptive violations of the Ohio Consumer Sales Practices Act, (CSPA) R.C. 1345.01 et. seq. committed by Defendants MERCK & CO., INC. ("Merck") and MERCK SHARP & DOHME CORP. ("MSD") concerning the ZOSTAVAX vaccine.

2. The ZOSTAVAX vaccine was and is intended for the long-term prevention of herpes zoster (or shingles) as manufactured, designed, licensed, processed, assembled, marketed, promoted, packaged, labeled, distributed, supplied, and/or sold by Defendants.

1

3. On or about, October 23, 2017, Plaintiff was inoculated with the ZOSTAVAX vaccine based upon a reasonable reliance of Defendants' representation of material facts regarding the ZOSTAVAX vaccine, which constitute unfair and deceptive conduct.

4. Defendants designed, researched, developed, manufactured, tested, labeled, advertised, promoted, marketed, sold, supplied, and/or distributed the ZOSTAVAX vaccine.

5. At all relevant times, Defendants were engaged in a distribution and sales strategy within the state of Ohio intending to reach Ohio consumers, including Plaintiff and other Ohio citizens.

6. At all relevant times, the ZOSTAVAX vaccine's aggressive marketing campaign, containing advertising techniques, by and of Defendants, misrepresented the efficacy of the vaccination, through intentional misrepresentations, omissions, and concealment of material facts regarding the ZOSTAVAX vaccine, which constitutes unfair and deceptive conduct impermissible under CSPA.

7. Plaintiff and the Class seek to bring an end to Defendants' unfair, pervasive and deceptive practices and to recover damages for all Ohioans who have received and/or paid for the ZOSTAVAX vaccination.

## II. THE PARTIES

8. Plaintiff, Rebecca Gentile is a citizen of Ohio and resides in Franklin County, Ohio at 60 East Spring Street #115, Columbus, Ohio 43215.

9. Plaintiff, Rebecca Gentile received the ZOSTAVAX vaccination on or about October 23, 2017 as administered by American Health Network of Ohio, LLC, located at 2500 Corporate Exchange Ste. 100, Columbus OH 43231.

10. All members of the Class are Ohio residents who received and/or paid for the ZOSTAVAX vaccination.

11. At all relevant times to this action, as further detailed herein, Defendants MERCK & CO., INC., MERCK SHARP & DOHME CORP. and each of them, introduced into interstate commerce the ZOSTAVAX vaccine, which was to be administered to individuals and consumers throughout the United States including Ohio.

12. Defendant Merck is a New Jersey corporation with its principal place of business located at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.

13. At all relevant times, Merck designed, researched, developed, manufactured, tested, labeled, advertised, promoted, marketed, sold, supplied, distributed, and/or introduced into the stream of commerce the ZOSTAVAX vaccine, to be administered to consumers throughout the United States, including Ohio.

14. "Merck" shall include and refer to all subsidiaries, affiliates, divisions, franchises, partners, joint ventures, organizational units of any kind, predecessors-in-interest including but not limited to Schering-Plough Corporation, successors, assigns, officers, directors, employees, agents and representatives of Merck.

15. Defendant MSD, is a wholly-owned subsidiary of Merck and part of the Merck family of companies.

16. MSD is a New Jersey corporation organized with its principal place of business located at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.

17. At all relevant times, MSD, individually through its predecessors and through the actions of Merck, designed, researched, developed, manufactured, tested, labeled, advertised, promoted, marketed, sold, supplied, distributed, and/or introduced into the stream of commerce

the ZOSTAVAX vaccine, to be administered to consumers throughout the United States, including Ohio.

18. "MSD" shall include and refer to all predecessor(s)-in-interest including but not limited to Schering Plough Corporation, successor(s)-in-interest, assigns, officers, directors, employees, agents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and/or representatives of MSD.

## III. JURISDICTION AND VENUE

19. This Court has original jurisdiction of this action under the Class Action Fairness Act. Pursuant to 28 U.S.C. § 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the members exceeds $5 million, exclusive of interest and costs, and at least one of the members of the proposed Class is a resident of a different state than Defendants.

20. Venue is proper in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction there, regularly conduct business in that district through sales and a substantial part of the events or omissions giving rise to the claims asserted herein occurred and continue to occur in that district.

21. As set forth herein, Defendants individually and collectively engaged in continuous and pointed commercial marketing activity and introduced the ZOSTAVAX vaccine heavily into the stream of commerce within Ohio and to Ohio consumers. This Court has personal jurisdiction over Defendants because Defendants have systematic and continuous contacts within this State and Defendants consummated the transactions at issue in this case within this State, thereby purposefully availing themselves of the privilege of conducting business within this State, and Plaintiff's and Class members' claims arise out of such in-state activities.

## IV. FACTUAL ALLEGATIONS

28. Plaintiffs repeat and incorporate herein all previously pleaded averments.

### Merck & MSD

29. At all relevant times the alleged conduct of Defendants took place in the state of Ohio.

30. Since May 2006, on the date that ZOSTAVAX was approved by the FDA for commercial marketing in the United States, Defendant Merck widely disseminated the following material representations of material fact regarding the efficacy of the ZOSTAVAX vaccine directly to consumers, including Plaintiffs, in its advertising and promotional campaign using television and radio commercials on broadcast television, cable television and other national media outlets; print advertisements run in magazines, journals, and newspapers targeted towards consumers and prescribers including national newspapers such as the New York Times, Washington Post, USA Today; posters and other signage in pharmacies where consumers bought their prescription drugs, including Plaintiffs' pharmacies; product handouts and brochures; its own website; and other ZOSTAVAX marketing materials

   a. That the ZOSTAVAX vaccine was effective in the long-term prevention of the shingles virus.

   b. That the efficacy of ZOSTAVAX is 51% for everyone.

   c. That the efficacy of ZOSTAVAX did not diminish over time after vaccination.

   d. That the immunity provided by ZOSTAVAX was unlimited.

   e. That the immunity provided by ZOSTAVAX was the same regardless of the age of the patient vaccinated.

5

31. Each of these representations is false and unfair and constitute deceptive violations of the Ohio Consumer Sales Practices Act, (CSPA) R.C. 1345.01 et. seq.

32. Since May 2006, Merck aggressively marketed the ZOSTAVAX vaccine with the use of scare tactics.

33. Since May 2006, Merck and MSD broadcasted numerous television commercials on public television and cable television promoting ZOSTAVAX, wherein actors and/or celebrities spoke in detail about how painful shingles is.

34. In 2017, Patrick Bergstedt, head of global marketing for Merck, admitted that Merck promoted ZOSTAVAX using "scare tactics" to increase the rate of ZOSTAVAX vaccination in adults and consumers.

35. Consumers, such as Plaintiff and all other Class members, saw or read the ZOSTAVAX vaccine's commercial marketing materials containing the aforementioned representations.

36. Consumers, such as Plaintiff and all other Class members, who saw or read the ZOSTAVAX vaccine's commercial marketing materials, relied upon the advertisements' representation that ZOSTAVAX was effective to prevent shingles and understood that representation to indicate that ZOSTAVAX would prevent shingles indefinitely.

37. At best, ZOSTAVAX is 51% overall effective at preventing shingles in adults 60 years of age or older.

38. The Shingles Prevention Study (SPS), conducted by Merck, involving over 38,000 subjects, showed that ZOSTAVAX was 64% effective in persons 60 to 69 years of age; 41% effective in persons 70 to 79 years of age; and 18% effective in persons 80 years of age or older.

39. The effectiveness of ZOSTAVAX has been shown to rapidly wane over time.

6

40. The effectiveness of ZOSTAVAX has been shown to be as low as 19%, 4 years post-vaccination.

41. The effectiveness of ZOSTAVAX has been shown to be as low as 4%, 8 years post-vaccination and not statistically significant.

42. The Center for Disease Control (CDC) does not recommend ZOSTAVAX for people aged 50-59 years old. The CDC has stated their position that: "Protection from this shingles vaccine lasts about 5 years, so adults vaccinated before they are 60 years old might not be protected later in life when the risk for shingles and its complications are greatest".

43. Plaintiffs' physicians would not have recommended, prescribed, purchased, and/or administered the ZOSTAVAX vaccine but for Defendants' representations.

44. Plaintiffs would not have agreed to receive and/or purchase the ZOSTAVAX vaccine but for Defendants' representations.

45. Plaintiffs reasonably relied on Defendants' misrepresentations regarding the efficacy of the ZOSTAVAX vaccine and were induced to purchase and use the ZOSTAVAX vaccine for the long-term prevention of shingles.

46. Because Plaintiffs reasonably relied on Defendants' misrepresentations regarding the efficacy of the ZOSTAVAX vaccine and was induced to receive the ZOSTAVAX vaccine for the long-term prevention of shingles and pain, Plaintiffs suffered damages.

47. Plaintiffs' physicians reasonably relied on Defendants' misrepresentations regarding the efficacy of the ZOSTAVAX vaccine and were induced to recommend, prescribe, purchase, and/or administer the ZOSTAVAX vaccine to Plaintiffs for the long-term prevention of shingles and pain.

48. Because Plaintiffs' physicians reasonably relied on Defendants' misrepresentations regarding the efficacy of the ZOSTAVAX vaccine and were induced to recommend the ZOSTAVAX vaccine for the long-term prevention of shingles, Plaintiffs sustained damages.

49. Defendants false representations, omissions and concealment of material facts regarding the efficacy of ZOSTAVAX constitute wrongful conduct, unfair conduct, deceptive conduct, and fraudulent conduct aimed towards consumers.

50. As a direct and proximate consequence of Defendants unfair and deceptive acts and omissions, Plaintiffs sustained damages.

51. Plaintiffs' damages were directly and proximately caused by the unfair and deceptive commercial acts of Defendants.

## V. APPLICABLE LAW

### A. The Ohio Consumer Sales Practices Act

52. The Ohio Consumer Sales Practices Act (CSPA) protects Ohio consumers from unfair, deceptive acts and unconscionable acts.

53. Ohio R.C §1345.02(A) provides: No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by supplier violates this section whether it occurs before, during, or after the transaction.

54. An act is deceptive if it has the likelihood of inducing a state of mind in the mind of the consumer that is not in accord with the facts.

55. Intent is immaterial.

56. It is not a defense to show that the act was not done intentionally, or without knowledge that it was false, misleading or deceptive.

### B. Ohio Deceptive Trade Practice Act

57. The Ohio Deceptive Trade Practices Act is codified at R.C. 4165.01 et seq. R.C. 4165.02 protects individuals and businesses from deceptive trade practices.

58. R.C.§4165.02 (A)provides that [A] person engages in deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person does the following:

> (1) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have;, or.
>
> (2) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of particular style or model, if they are of another.

### C. Constructive Fraud

59. Constructive fraud in Ohio is defined as breach of legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.

60. Unlike actual fraud, constructive fraud does not require proof of fraudulent intent.

61. A claim for constructive fraud is dependent on a special confidential or fiduciary relationship, thereby giving rise to duty to disclose.

### D. Negligent Misrepresentation

62. The elements of negligent misrepresentation are as follows: One who, in the course of his business, profession or employment, or in any other transaction in which he has pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance

upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information.

### E. Breach of Contract

70. To establish a claim for breach of contract under Ohio law, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach.

## CLASS ACTION ALLEGATIONS

### A. Class Definition

71. Plaintiff brings this action individually and on behalf of all others similarly situated, as members of an Ohio Class. Although Plaintiff reserves the right to expand, contract or redefine the class, or create sub-classes, prior to her Motion for Class Certification, the Class is preliminarily defined as:

    (a) Residents of the State of Ohio; and

    (b) Who received and/or purchased the ZOSTAVAX vaccination within the requisite statute of limitations.

72. Excluded from the proposed Classes are employees, officers, directors, legal representatives, heirs, successors and affiliates, and the judicial officers and their immediate family members and associated court staff assigned to this case, as well as all persons who make a timely election to be excluded from the proposed classes.

### B. Numerosity.

73. It is estimated that the class consists of over one million or more persons, such that joinder of all Class members is impracticable.

### C. Commonality.

74. There are questions of law and fact that are common to the Class members that relate to Defendants' uniform conduct as set forth herein.

**D. Typicality**.

75. The claims of Plaintiff are typical of the claims of the proposed Class because Plaintiff's claims are based on the same legal theories, and Plaintiff has no interests that are antagonistic to the interests of the Class members.

**E. Adequacy**.

76. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

**F. Common Questions of Law and Fact**.

77. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to:

> (a) Whether Defendants' commercial marketing materials were false and misleading and would likely deceive consumers into believing that ZOSTAVAX was effective for its intended use;
>
> (b) Whether Defendants were deceptive in representing that the ZOSTAVAX Vaccination had characteristics, benefits and qualities it did not have;
>
> (c) Whether Defendants' business practices were deceptive and violated the Ohio CSPA;
>
> (d) Whether Defendants' business practices were deceptive and violated the Ohio Deceptive Trade Practices Act;

  (e)  Whether Defendants' statements constitute constructive fraud;

  (f)  Whether Defendants' statements constitute negligent misrepresentation.

  (g)  Whether Defendants' conduct constitutes a breach of contract.

### G. Predominance

78. Issues subject to proof and applicable to the Class as a whole predominate over issues subject to only individualized proof.

79. The common questions of law and fact described herein are the most significant questions for the class action, the resolution of which will resolve the claims for each Class member.

80. There are no individualized inquiries required for the claims or defenses.

### H. Superiority.

81. This action is properly maintainable as class action under Federal Rules of Civil Procedure 23.

82. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds or thousands of individual lawsuits would not be economically feasible for individual Class members, and certification as class action will preserve judicial resources by allowing the common issues of the Class members to be adjudicated in single forum, avoiding the need for duplicative hearings and discovery in individual actions that are based on an identical set of facts.

78. This proposed class action does not present any unique management difficulties.

## VI.    CLAIMS

### A.    COUNT ONE – Violation of Ohio CSPA
*(Plaintiff and the Class Against Defendants)*

79. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth below.

80. Defendants Merck and MSD are each a "supplier" as defined in the CSPA.

81. Plaintiffs are consumers.

82. The Ohio Consumer Sales Practices Act (OCSPA) provides that, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by supplier violates this section whether it occurs before, during, or after the transaction". Ohio R.C §1345.02(A).

83. Defendants committed deceptive acts as described herein.

84. Protection of Ohio consumers is codified in the OCSPA under Ohio Rev. Code § 1345.01 et seq.

85. No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction pursuant to the OCSPA, and a consumer who suffered a loss as a result of this conduct may bring an action for damages.

86. At all relevant times, Defendants engaged in continuous and pointed commercial marketing activity and introduced the ZOSTAVAX vaccine heavily into the stream of commerce within Ohio and to Ohio consumers that was unfair and deceptive resulting in approximately more than one million harmed individuals.

87. Prior to the time of Defendant's misconduct, decisional law on the Ohio Attorney General's Public Information File gave due notice that Defendants' conduct was unlawful.

### B. COUNT TWO – Ohio Deceptive Trade Practices
*(Plaintiff and the Class Against Defendants)*

88. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth below.

89. Defendants misrepresented to individuals, businesses, and government entities in Ohio that the ZOSTAVAX vaccination has characteristics and qualities it does not have.

90. As direct and proximate result, Plaintiffs have suffered actual damages, including economic damages, physical pain and suffering and/or other damages to be proven at trial.

### C. COUNT THREE – Ohio Constructive Fraud
*(Plaintiff and the Class Against Defendants)*

90. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth below.

91. Constructive fraud is defined as breach of legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.

92. Unlike actual fraud, constructive fraud does not require proof of fraudulent intent.

93. A claim for constructive fraud is dependent on special confidential or fiduciary relationship, thereby giving rise to duty to disclose.

94. The duty to speak may arise in any situation where one party imposes confidence in the other because of that person position, and the other party knows of this confidence.

95. Plaintiffs placed special confidence in Defendants.

96. Unlike other products, Defendants' involvement with its consumers is ongoing and has an immediate and direct impact on their health and safety.

97. Plaintiffs rely on Defendants to provide accurate information about the safety and efficacy of their products.

98. Defendants are well aware that consumers rely on the information they provide.

99. Defendants assumed duty due to its position to not deceive the public or injure the public interests.

100. Defendants breached that duty by providing false and deceptive information about the efficacy of ZOATAVAX, which deceived and injured Plaintiffs as set forth above.

101. As direct and proximate result, Plaintiffs have suffered actual damages and are entitled to punitive damages and attorneys' fees.

### D. COUNT FOUR - Ohio Negligent Misrepresentation
*(Plaintiff and the Class Against Defendants)*

102. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth below.

103. The elements of negligent misrepresentation in Ohio are as follows: One who, in the course of his business, profession or employment, or in any other transaction in which he has pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information.

104. Defendants, in the course of their business, supplied false information for the guidance of its customers.

105. Plaintiffs justifiably relied on Defendants' representations.

106. Defendants' failed to exercise reasonable care in communicating the information.

107. As direct and proximate result, Plaintiffs suffered

actual damages.

### E. COUNT FIVE - Ohio Breach of Contract
*(Plaintiff and the Class Against Defendants)*

108. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth below.

109. Plaintiffs had a contract with Defendants under which they would pay for the ZOSTAVAX vaccine and Merck would provide them with a vaccine that was effective in the long-term prevention against shingles.

110. The Plaintiffs, either individually, or through their insurers, paid for and performed their obligations under the contract.

111. Defendants breached their representation and promise to the Plaintiffs and its agreement with them by failing to deliver a vaccine that was effective in the long-term prevention of shingles.

112. Plaintiffs suffered damages as they paid for a product that was not effective for its stated purpose.

108. As a direct and proximate result of Defendants' breach Plaintiffs suffered damages.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, respectfully requests: A. Certification of the Class requested above and appointment of Plaintiff as the Class Representative and her counsel as Class Counsel; B. An order and/or judgment awarding Plaintiff and the Class Members all actual, statutory and/or punitive damages permitted by law; C. An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and D. Such other and further relief as the Court finds just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

DATED: September 20, 2019

Respectfully submitted,

| | |
|---|---|
| /s/ Eric A. Jones | /s/ Marc J. Bern |
| Eric A. Jones (0081670) | Marc J. Bern |
| JONES LAW GROUP, LLC | Marc J. Bern & Partners LLP |
| 513 East Rich Street | 60 E. 42nd St., Ste. 950 |
| Columbus, Ohio 43215 | New York, NY 10165 |
| Phone: (614) 545-9998 | Phone: (212) 702-5000 |
| Fax: (614) 573-8960 | Fax: (212) 818-0164 |
| Email: ejones@joneslg.com | Email: mbern@bernllp.com |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs, (pro hac vice application forthcoming)* |