IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **REBECCA GENTILE**,<br><br>　　　　　Plaintiff,<br>　v.<br><br>**MERCK & CO., INC., et al.**,<br><br>　　　　　Defendants. | Case No. 2:19-cv-4174<br><br>Judge Graham<br><br>Magistrate Judge Deavers |

**OPINION AND ORDER**

　　Plaintiff Rebecca Gentile brings this putative class action asserting that Defendants Merck & Co., Inc. and Merck Sharp & Dohme violated Ohio law by making false and misleading representations in the advertising and marketing of Zostavax, an FDA-approved vaccine to help prevent herpes zoster (shingles). This matter is before the Court on Defendants' motion to dismiss or, in the alternative, to strike class allegations. For the following reasons, Merck's motion is granted.

**I.　Background**

　　The following facts are taken from the Complaint and are viewed in a light most favorable to Plaintiff.

　　Defendants developed and manufacture a vaccine to help prevent shingles called Zostavax. Doc. 1 at 1. After receiving FDA approval for Zostavax, Defendants began an aggressive marketing campaign consisting of television commercials, print advertisements, signage in pharmacies, handouts and brochures, and information on their website. Doc. 1 at 5. These advertisements contain the following representations:

1

- The Zostavax vaccine is effective in the long-term prevention of the shingles virus;
- The efficacy of Zostavax is 51% for everyone;
- The efficacy of Zostavax does not diminish over time after vaccination;
- The immunity provided by Zostavax is unlimited; and
- The immunity provided by Zostavax is the same regardless of the age of the patient.

Doc. 1 at 5.

The representations are demonstrably false. Zostavax was not 51% effective for everyone. It is 64% effective in persons 60 to 69 years of age; 41% effective in persons 70 to 79 years of age; and 18% effective in persons 80 years of age or older. Doc. 1 at 6. The efficacy of Zostavax also diminishes over time. Its effectiveness is as low as 19% after four years and as low as 4% after eight years. Doc. 1 at 7.

Plaintiff and a class comprised of Ohio residents who received and/or purchased the Zostavax vaccine within the requisite statute of limitations relied on Defendants' misrepresentations in deciding to receive the Zostavax vaccine. She asserts that but for the misrepresentation "Plaintiffs physicians would not have recommended, prescribed, purchased, and/or administered the ZOSTAVAX vaccine . . ." and that "Plaintiffs would not have agreed to receive and/or purchase the ZOSTAVAX vaccine . . . ." Doc. 1 at 7.

On September 20, 2019, Plaintiff filed a complaint asserting that Defendants' misrepresentations constitute violations of the Ohio Consumer Sales Practices Act ("OCSPA"), violations of the Ohio Deceptive Trade Practices Act ("ODTPA"), constructive fraud, negligent misrepresentation, and breach of contract. *See generally* Doc. 1. Defendants move to dismiss

Plaintiff's claims under Federal Rules of Civil Procedure 9(b) and 12(b)(6) or, in the alternative, to strike the class allegations.[1]

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). Rule 9(b) requires that allegations of fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." The failure to plead fraud or mistake with particularity is treated as a failure to state a claim under Rule 12(b)(6). *B & P Co. v. TLK Fusion Ent., LLC*, No. 3:11-CV-276, 2013 WL 693167, at *8 (S.D. Ohio Feb. 26, 2013).

## III. Analysis

**A. Count I – OCSPA Claims**

The OCSPA prohibits suppliers from committing "an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). Consumers subject to unfair or deceptive acts or practices may pursue an individual action or a class action. Ohio Rev. Code § 1345.09(A), (B). A class action under the OCSPA requires the consumer to establish two additional elements – notice and injury. *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 680 (6th Cir.

---

[1] Defendants additionally purport to move for dismissal under Federal Rule of Civil Procedure 12(b)(1) but make no argument as to why the Court lacks subject-matter jurisdiction.

2017). The notice requirement is satisfied if the Ohio Attorney General had already "declared [the seller's practice] to be deceptive or unconscionable" or if an Ohio court already "determined [the practice] . . . violate[s] [the OCSPA" before the supplier engaged in it. *Id.* (citation omitted); Ohio Rev. Code § 1345.09(B). The injury element is satisfied if the consumer suffered actual damages proximately caused by the supplier's deceptive practices. *Id.* (citation omitted).

Defendants argue that Plaintiff's OCSPA claim fails for three reasons -- because vaccines are not consumer goods and so there was no consumer transaction, because Plaintiff fails to allege notice, and because Plaintiff fails to allege actual damages.

The Court does not reach Defendants' arguments because Plaintiff's OCSPA claim fails on a more fundamental ground – that it is not brought by a consumer. "Consumer" is defined as "a person who **engages** in a consumer transaction with a supplier." Ohio Rev. Code § 1345.01(D) (emphasis added). Plaintiff makes no allegation that she or the class members engaged with Defendants, the purported supplier, to purchase the Zostavax vaccines.[2] Therefore, she has failed to plead an OCSPA claim. *See Smith v. Smith & Nephew, Inc.*, 5 F. Supp. 3d 930, 932 (S.D. Ohio 2014) (finding no OCSPA claim against an artificial hip manufacturer where the recipient purchased the artificial hip from the hospital, not the manufacturer).

## B.  Count II – ODTPA Claims

Defendants move to dismiss Plaintiff's ODTPA claims on the basis of standing and lack of a cognizable injury.

---

[2] The Court acknowledges that Plaintiff alleged that she and the class members entered contracts with Defendants. But as explained below, Plaintiff fails to plausibly allege the existence of these contracts.

4

The ODTPA permits "a person who is injured by a person who commits a deceptive trade practice . . . [to] commence a civil action to recover actual damages . . . ." Ohio Rev. Code § 4165.03(A)(2). "Person" is defined as:

> [A]n individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, limited liability company, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity."

Ohio Rev. Code § 4165.01(D).

There is disagreement among judges in the Southern District of Ohio as to who has standing to bring an ODTPA claim. The majority position is that standing is limited to commercial entities. *See, e.g., Lester v. Wow Car Co.*, No. 2:11-CV-850, 2014 WL 2567087, at *12 (S.D. Ohio June 6, 2014), aff'd, 601 F. App'x 399 (6th Cir. 2015). This position is premised on how Ohio courts interpret the ODTPA. *Id.* at *11. In interpreting the ODTPA, Ohio courts apply "the same analysis applicable to claims commenced under analogous federal law." *Id.* (citing *Chandler & Assoc. v. Am. Healthcare Alliance*, 709 N.E.2d 190, 195 (Ohio Ct. App. 1997)). The analogous federal law is the Lanham Act. *Id.* Federal courts hold that consumers do not have standing under the Lanham Act. *Id.* (citation omitted). Therefore, adopters of the majority position conclude that there is no consumer standing under the ODTPA. *Id.* at *12.

The minority position is that commercial entities and consumers have standing under the ODTPA. *Bower v. Int'l Bus. Machines, Inc.*, 495 F. Supp. 2d 837, 843 (S.D. Ohio 2007); *Schumacher v. State Auto. Mut. Ins. Co.*, 47 F. Supp. 3d 618, 632 (S.D. Ohio 2014). The root of this position is the ODTPA's definition of person. The definition of person does not limit standing to commercial entities. *Id.* Adopters of the minority position therefore conclude that consumers have standing under the ODTPA. *Id.* at 843-44.

5

The Sixth Circuit's only venture into ODTPA standing occurred in the unreported decision of *Holbrook v. Louisiana-Pac. Corp.*, 533 F. App'x 493 (6th Cir. 2013). The Sixth Circuit in *Holbrook* approved of the majority position. It explained that where the state high court has not addressed an issue of state law, state appellate court decisions are authoritative absent a strong showing that the state's high court would decide the issue differently. *Id.* at 497. The Sixth Circuit noted that an Ohio appellate court has held that consumers do not have standing to raise ODTPA claims because the substantially similar federal law, the Lanham Act, denies consumers standing. *Id.* at 497-98 (citing *Dawson v. Blockbuster, Inc.*, No. 86451, 2006 WL 1061769, at *3–4 (Ohio Ct. App. Mar. 16, 2006)). And the Sixth Circuit found that the plaintiff failed to show the Ohio Supreme Court would conclude otherwise. *Id.* at 498. Therefore, it concluded that the plaintiff did not have standing under the ODTPA. *Id.* at 498.

The undersigned agrees with the Sixth Circuit's analysis. Ohio appellate courts have concluded that the ODTPA does not provide consumers standing because the Lanham Act does not do so. *See, e.g., Dawson*, 2006 WL 1061769, at *3-4; *Michelson v. Volkswagen Aktiengesellschaft*, 99 N.E.3d 475, 479-480 (Ohio Ct. App. 2018). And there is no strong indication that the Ohio Supreme Court would conclude otherwise. Therefore, the undersigned concludes that the ODTPA does not provide consumers standing. Because the ODTPA does not provide consumers standing, Plaintiff lacks standing to bring her ODTPA claims.

## C. Count III – Constructive Fraud

Constructive fraud is a "breach of a legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidences, or to injure public interests." *Schmitz v. Natl. Collegiate Athletic Assn.*, 67 N.E.3d 852, 869 (Ohio Ct. App. 2016) aff'd sub nom. *Schmitz v. Nat'l Collegiate*

6

*Athletic Ass'n*, 122 N.E.3d 80 (quoting *Cohen v. Estate of Cohen*, 491 N.E.2d 698, 699-700 (Ohio 1986)). An essential element of constructive fraud is a special confidential or fiduciary relationship such that a duty to disclose is created. *Id.* (citing *Cohen*, 491 N.E.2d at 700). A duty to disclose arises "in any situation where one party imposes confidence in the other because of that person's position, and the other party knows of this confidence." *Id.* (citing *Cent. States Stamping Co. v. Terminal Equip. Co.*, 727 F.2d 1405, 1409 (6th Cir. 1984)).

At issue is whether Plaintiff pleaded a special or confidential relationship with Defendants. Defendants argue that she has not. Doc. 15 at 26-27. Plaintiff argues that she has -- by pleading that Plaintiffs imposed confidence in Defendants because of Defendants' position as a pharmaceutical manufacturer and that Merck knew of this confidence is enough. Doc. 16 at 23.

Plaintiff fails to plausibly plead a special or confidential relationship. Plaintiff alleges that Defendants' advertisements were widespread – on television, in newspapers, in pharmacies, and on the internet. Defendants cannot be said to have created a special confidential or fiduciary relationship with every individual who saw one or more of their advertisements. Moreover, even if Defendants could have identified those individuals, a presumably impossible task, Defendants had no reason to believe that those individuals placed confidence in the advertisements. Average consumers impose confidence in their physicians when deciding whether to receive a vaccine, not advertisements in newspapers and on television. Therefore, Plaintiff has failed to allege that a special confidential or fiduciary relationship existed between Plaintiff and Defendants or the class members and Defendants.

### D. Count IV – Negligent Misrepresentation

Defendants seek dismissal of Plaintiff's negligent misrepresentation claim because negligent misrepresentation does not apply to consumer transactions under Ohio law. Doc. 15 at 27. Plaintiff did not respond to this argument.

Defendants are correct. The Ohio Supreme Court has explained the tort of negligent misrepresentation as:

> [P]rofessional liability, and thus a duty in tort, [applies] only in those limited circumstances in which a person, in the course of business, negligently supplies false information, knowing that the recipient either intends to rely on it in business, or knowing that the recipient intends to pass the information on to a foreseen third party or limited class of third persons who intend to rely on it in business.

*Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 835 N.E.2d 701, 705 (Ohio 2005). Negligent misrepresentation is related to professional malpractice. *Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-CV-00018, 2006 WL 3359448, at *16 (N.D. Ohio Nov. 17, 2006) (citation omitted). It requires a showing that the defendant is in the business of supplying information and that the plaintiff sought guidance from the defendant with respect to a business transaction. *Id.* (citation omitted).

Plaintiff failed to allege that Defendants are in the business of supplying information or that she sought information from Defendants for purposes of a business transaction. Therefore, she failed to adequately plead a negligent misrepresentation claim.

### E. Count V – Breach of Contract

The elements of breach of contract are (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resulting damages. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006). The elements of a valid contract are offer, acceptance, contractual capacity, consideration, manifestation of mutual assent, and legality of the object of

consideration. *Minster Farmers Coop. Exch. Co. v. Meyer*, 884 N.E.2d 1056, 1061 (citation omitted).

Defendants argue that Plaintiff failed to plead the existence of a contract. Doc. 15 at 30-31. The Court agrees. Plaintiff alleges only that "Plaintiffs had a contract with Defendants under which they would pay for the ZOSTAVAX vaccine and Merck would provide them with a vaccine that was effective in the long-term prevention against shingles." Doc. 1 at 16. She alleges no facts to support the existence of a valid contract. Rather, she states elsewhere in her complaint that "Plaintiffs' physicians purchased . . . the ZOSTAVAX vaccine . . . ." Doc. 1 at 7. In sum, Plaintiff has failed to allege facts sufficient to show that she and the class members had a contract with Defendants.

## IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss, Doc. 15, is **GRANTED**. The Court does not reach Defendants' request to strike the class allegations. Plaintiff has requested leave to amend her complaint. Doc. 16 at 37-38. Plaintiff may submit an amended complaint no later than fourteen days after the issuance of this opinion.

**IT IS SO ORDERED**.

        s/ James L. Graham
        JAMES L. GRAHAM
        United States District Judge

DATE: April 11, 2022